**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SACOREY CLARK and LAVERNE HENDERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MR. E. WILLIAMS, et al., | ) ) ) |
| Defendants. | ) |

No. 4:20-CV-1012-SPM

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the complaint filed by self-represented plaintiffs Sacorey Clark and Laverne Henderson, inmates at the Greenville Federal Correctional Institution ("FCI") in Greenville, Illinois. ECF No. 1. Plaintiffs appear to assert conspiracy claims pursuant to 42 U.S.C. §§ 1985(3) and 1986 against twenty-two defendants, which include the U.S. Attorney General and employees of FCI and the U.S. Bureau of Prisons.

The eighteen-page, single-spaced complaint is defective because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A). The Court further notes that the asserted factual allegations are disorganized and difficult to follow, and the complaint is not clear as to whether they are suing defendants in their official and/or individual capacities. In addition, the motion for leave to proceed in forma pauperis is not filed on a Court form. *See* Local Rule 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court.").

Because plaintiffs are proceeding *pro se*, the Court will allow them to file an amended complaint on a Court form. Plaintiffs will be provided with twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here.

All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). The Court will direct the Clerk of Court to send plaintiffs a blank form complaint so that they may file an amended complaint.

Plaintiffs are warned that the filing of an amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.

Plaintiffs must submit the amended complaint on the court-provided form, and must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.  Rule 8 requires plaintiffs to set forth **a short and plain statement of the claim** showing entitlement to relief, and it also requires that each averment be **simple, concise, and direct**.  Rule 10 requires plaintiffs to state their claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiffs must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiffs must state the first and last name, to the extent they know it, of the defendant or defendants they want to sue. **Plaintiffs should also indicate whether they intend to sue the defendant in his or her individual capacity, official capacity, or both.** Plaintiffs should avoid naming anyone as a defendant unless that person is directly related to their claim.

All claims should be clearly set forth in the "Statement of Claim."  **In the "Statement of Claim" section, plaintiffs should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting their claim or claims against the defendant.** If plaintiffs are suing more than one defendant, they

should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting their claim or claims against that defendant. Plaintiffs should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiffs may choose a single defendant, and set forth as many claims as they have against him or her. *See* Fed. R. Civ. P. 18(a). A failure to make specific factual allegations against any defendant will result in that defendant's dismissal. The allegations in the complaint may not be conclusory. Instead, plaintiffs must plead facts that show how each and every defendant named is personally involved in or directly responsible for the alleged harm.

Plaintiffs are advised that the Court will review the amended complaint under 28 U.S.C. §§ 1915 and 1915A, and related authority. If plaintiffs fail to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

**IT IS HEREBY ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiffs shall file an amended complaint on the Court-provided form and in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiffs shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiffs a blank Prisoner Civil Rights Complaint form and Motion to Proceed in Forma Pauperis – Prisoner Cases form.


**The failure of plaintiffs to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of August, 2020.